# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RATEEK ALLAH, | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. 3:18-CV-1547 |
| v. | : |
| | : (Judge Caputo) |
| MS. MARTINEZ, | : |
| Defendant | : |

# M E M O R A N D U M

Plaintiff, Rateek Allah,[1] an inmate currently housed at the Allenwood United States Penitentiary (USP-Allenwood), in White Deer, Pennsylvania, proceeding *pro se*, initiated this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) after he was issued a false Incident Report in retaliation for filing a lawsuit.[2] (ECF No. 1.) The Court recently granted Mr. Allah's request to file an amended complaint. (ECF No. 20.) Presently before the Court is Plaintiff's motion for leave to file a motion for preliminary injunction, a motion for preliminary injunction, and a motion to rule on Plaintiff's preliminary injunction. (ECF Nos. 8, 9 and 19.) For the following reasons, all three motions will be denied.

---

[1] Plaintiff is also known as Lincoln Moody and Antonio Espinoza. See *Allah v. Federal Bureau of Prisons Director*, No. (:16-2665, 2016 WL 5868093 (D.S.C. Sept. 12, 2016).

[2] The sole Defendant in this action is Ms. Martinez, the Head Nurse at USP-Allenwood.

## I. Background

On June 16, 2018, Ms. Martinez issued Plaintiff a false Incident Report for being in an unauthorized area after learning he filed a lawsuit against her. (ECF No. 1 at 3 and 5.) The Incident Report was expunged on appeal. (*Id.* at 4.) Mr. Allah, who suffers from various chronic medical conditions is now scared of, and intimidated by, Ms. Martinez. (*Id*. at 3 – 4.) She has worked at the facility for years and bullies the staff. The "whole medical department is afraid of her." (*Id*. at 3.) Mr. Allah seeks monetary damages for Ms. Martinez's retaliatory action.

In his motion for preliminary injunction he seeks to be transferred to a "medical center and receive long term care and 24-hour nursing." (ECF No. 9 at 1.)

## II. Standard of Review for Preliminary Injunctions

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). *See also* Fed. R. Civ. P. 65. It is the moving party who bears the burden of satisfying these factors. If the movant fails to carry this burden on either of these

elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69. 72 (3d Cir. 1989) (emphasis in original), *quoting Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987).

A preliminary injunction maintains the status quo pending a final decision on the merits whereas a "mandatory injunction" alters the status quo by granting injunctive relief, before trial, and as such is appropriate only in extraordinary circumstances. *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity.")

Finally, a party is not entitled to a preliminary injunction unless there is "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010); *see also Moneyham v. Ebbert*, 723 F. App'x 89, 93 (3d Cir. 2018) ("District Court was correct to deny [ ] requested injunction because it involved allegations unrelated to the complaint.")

**III.	Discussion**

As noted above, Mr. Allah was recently granted leave to file an amended complaint. If he fails to do so, this matter will proceed strict on his retaliation claims against Ms. Martinez. Nonetheless the Court will address Mr. Allah's motion for preliminary injunction as it was filed simultaneous to his lawsuit.

Mr. Allah filed a motion for preliminary injunction seeking his transfer to a medical center due to his terminal HIV/AIDS status, advanced dementia, and inability to control his bowels. (ECF No. 9 at 1.) Mr. Allah believes "[t]his is the year that [his] life expectancy is to expire." (*Id*.) He argues that he "will never be released and make it out alive if he does not get to a medical center and receive long term care and 24-hour nursing." (*Id*.) Mr. Allah has been assaulted in prison and continues to be bullied by other inmates. Consequently, he has sought protective custody. "Mr. Allah belongs in a medical facility." (*Id*.)

Although sympathetic to Mr. Allah's medical issues, his motion for injunctive relief does not relate to the issue raised in his Complaint. Rather, he requests that the Court direct Bureau of Prisons officials to modify his housing arrangements due to his declining health. Mr. Allah does not challenge the adequacy of his health care in the Complaint, rather he asserts a singular claim of retaliation against Head Nurse Martinez. Hence, his motion for injunctive relief will be denied as it is unrelated to the claims asserted in this action and seeks relief against persons who are not parties to this action. *See Martin v. Keitel*, 205 F. App'x 925, 928 – 29 (3d Cir. 2006) (per curiam) (nonprecedential).

An appropriate order follows.

**Date: March 29, 2019**            /s/ A. Richard Caputo
                                                     **A. RICHARD CAPUTO**
                                                     **United States District Judge**