# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RATEEK ALLAH, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> MS. MARTINEZ, : <br> : <br> Defendant : | CIVIL ACTION NO. 3:18-CV-1547 <br><br> (Judge Caputo) |

# M E M O R A N D U M

*Pro se* Plaintiff Rateek Allah,[1] a federal inmate formerly housed at the Federal Correctional Complex in Allenwood (FCC-Allenwood), Pennsylvania,[2] initiated this lawsuit in August 2018, asserting that Ms. Martinez issued him an Incident Report on June 16, 2018, for being in an unauthorized area, in retaliation for his filing of a lawsuit. (ECF No. 1.) Prior to the Court screening the Complaint, Mr. Allah sought leave to file an amended complaint. On May 20, 2019, Mr. Allah filed his Amended Complaint (ECF No. 29.) Mr. Allah's Amended Complaints names 6 additional defendants but fails to mention Ms. Martinez, the original Defendant. The Amended Complaint also sets forth three new claims unrelated to his retaliation claim against Ms. Martinez. Additionally, at

---

[1] Plaintiff is also known as Lincoln Moody and Antonio Espinoza. See *Allah v. Federal Bureau of Prisons Director*, No. 9:16-2665, 2016 WL 5868093 (D.S.C. Sept. 12, 2016).

[2] Mr. Allah is presently housed at USP-Coleman II in Coleman, Florida.

least one of the new claims is based on events that took place after Mr. Allah initiated this action.[3]

The Amended Complaint is presently before the Court for screening pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Since Mr. Allah's Amended Complaint fails to comply with Federal Rule of Civil Procedure 20, the Amended Complaint will be dismissed, and Mr. Allah will be granted leave to file a second amended complaint relative to his claims against Ms. Martinez.

II. **Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints**

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii); 28 U.S.C. § 1915A(b)(1) – (2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832 - 33, 104 L.Ed.2d 338 (1989)). In deciding whether

---

[3] Prisoners must exhaust their administrative remedies prior to filing suit. *Ross v. Blake*, _____ U.S. _____, _____, 136 S.Ct. 1850, 1856–57, 195 L.Ed.2d 117 (2016). Accordingly, any claims that post-date the original filing of the Complaint, July 26, 2018, cannot be included in this action. *See* ECF No. 1 at 6.

the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 - 11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949 - 50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964). Third, a court should assume the veracity of all well-pleaded factual

allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

With these principles in mind, the Court sets forth the background to this litigation, as Plaintiff alleges it in his Amended Complaint (ECF No. 29).

### III. Allegations of the Amended Complaint

Mr. Allah "incorporates all the facts in original claim into [his] amended complaint". (*Id.* at 4 and 6.) He also asserts three new claims against several new defendants. (*Id.*) First, Mr. Allah claims that Counselor Neylon, Corrections Officers (CO) Boyer and Leon, on an unspecified date, issued him a false misconduct for

possession of wine and two knives.  (*Id.* at 4.)    Although the weapons charge was eventually dropped, it was not until after he was placed in the Special Housing Unit (SHU) for prehearing confinement.  (*Id.*)  He claims the issuance of the false incident report was in retaliation for his grievance activity while housed at FCC-Allenwood.

Mr. Allah's second new claim asserts that Lt. Rakowski verbally threatened him with harm if he refused to accept a new cellmate with a known history of talking to imaginary people and starting fights with staff and inmates.  (*Id.* at 5.)  Mr. Allah's new cellmate assaulted him on March 16, 2019.  (*Id.*)

Plaintiff asserts that Dr. Bushman and Pamela Cook denied his request for a medical transfer.  (*Id.* at 6.)  Mr. Allah claims that he could not receive the necessary treatment necessary to care for him at FCC-Allenwood.  (*Id.*)  He claims these proposed defendants denied his transfer request in retaliation for his filing of lawsuits.  (*Id.*)

## V. Discussion

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims in a federal action.  It allows "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).

Rule 20 of the Federal Rules of Civil Procedure limits the joinder of defendants. Rule 20(a)(2) allows multiple defendants to be joined in one action if:

> (A.) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>   (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.' " *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.3d 218 (1966)). However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit. *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (nonprecedential). Allowing prisoners to join separate and distinct claims against multiple defendants in a single action circumvents the filing fee requirement of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Where, as here, the claims against the 6 new proposed defendants do not share an aggregate of operative facts, joinder is inappropriate. While Rule 18 allows Mr. Allah to amend his Complaint to add additional, even unrelated claims, against the original Defendant, Ms. Martinez, Rule 20 does not allow him to amend his Complaint to include new, unrelated claims against new defendants simply based on the commonality of their employer. Mr. Allah's new claims against the proposed new defendants do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as the claim asserted in the Complaint, nor is there a question of law or fact common to Ms. Martinez and the proposed defendants. The new claims are also unrelated to each other, and the other defendants. Likewise, there appears no temporal link between the discrete claims.

Accordingly, the Court will dismiss the Amended Complaint and instruct Mr. Allah to file a second amended complaint limited to his claims against Ms. Martinez and her alleged filing of a retaliatory incident report against him in June 2018.

**VI.     Leave to File an Amended Complaint**

Mr. Allah will be granted twenty-one days to file a second amended complaint limited to his claims against Ms. Martinez and her alleged filing of a retaliatory incident report against him in June 2018. If Mr. Allah decides to file a second amended complaint, he must clearly label it, on the face of the document, "Second Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[4] In addition, any amended complaint filed by Mr. Allah supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. Local Rule 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the Complaint that are not included in the amended complaint will be deemed abandoned and will not be considered.[5] In other words, Mr. Allah's failure to include his original retaliation claim against Ms. Martinez in the second amended complaint will result in that claim being waived by Plaintiff.

---

[4] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

[5] Mr. Allah may not incorporate by reference his original Complaint or Amended Complaint. He must identify each defendant, and then spell out all claims, against each Defendant in his second amended complaint.

Additionally, as noted above Mr. Allah may not assert new unrelated claims in his amended complaint. He may only augment his factual pleading concerning his existing claim, or name additional defendants who were involved with the June 2018 Incident Report, or lodge additional claims against Ms. Martinez.

Mr. Allah is also advised that his second amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations in the amended complaint may not be conclusory. Instead, Plaintiff must plead facts to show how each defendant named is personally involved or responsible for the alleged harm. In other words, the allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

If Plaintiff fails to file a second amended complaint on the Court's form within twenty-one days, and in compliance with the Court's instructions, the Court will proceed to screen his original Complaint (ECF No. 1).

Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. *See* M.D. Pa. Local Rule 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

**Date: August 27, 2019**  /s/ A. Richard Caputo
  **A. RICHARD CAPUTO**
  **United States District Judge**